UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 18-62193-CV-SMITH/VALLE

MILITA BARBARA DOLAN, on Behalf of      CLASS ACTION
Herself and All Others Similarly Situated,

            Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,

            Defendant.
_____/

**PROPOSED INTERVENOR AND PUTATIVE CLASS MEMBER PATRICIA D'ORSA-DIJAMCO'S MOTION TO INTERVENE AND <u>MEMORANDUM OF LAW IN SUPPORT</u>**

Case No. 18-62193-CV-SMITH/VALLE

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION AND BACKGROUND ...................................................................1

II. ARGUMENT...................................................................................................................3

    A. Ms. D'Orsa-Dijamco's Claims Against JetBlue Are Typical of the Class's Claims and She Can Fairly and Adequately Protect the Interests of the Class ...................................................................................................................3

    B. Eleventh Circuit Precedent Requires This Court to Consider Ms. D'Orsa-Dijamco's Intervention Motion if the Court Denies Class Certification on Adequacy Grounds........................................................................................5

    C. Ms. D'Orsa-Dijamco May Intervene as of Right Under Rule 24(a)(2)...................7

    D. Ms. D'Orsa-Dijamco Should Be Permitted to Intervene Under Rule 24(b)............9

III. CONCLUSION..............................................................................................................10

4838-2981-4433

Case No. 18-62193-CV-SMITH/VALLE

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Birmingham Steel Corp. v. Tennessee Valley Auth.*,
    353 F.3d 1331 (11th Cir. 2003) ....................................................................................... 2, 5, 6

*Castillo v. N & R Servs. of Cent. Fla., Inc.*,
    No. 8:07-cv-1804-T-26EAJ, 2008 WL 1959691 (M.D. Fla. May 1, 2008) .............................. 6

*Chiles v. Thornburgh*,
    865 F.2d 1197 (11th Cir. 1989) ............................................................................................... 8

*Cotterall v. Paul*,
    755 F.2d 777 (11th Cir. 1985) ...................................................................................... *passim*

*Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*,
    No. 8:17-cv-618-T-23MAP, 2017 WL 4861457 (M.D. Fla. Mar. 31, 2017) ........................... 4

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    No. CIV. A. 97-131, 1998 WL 961387 (E.D. Pa. Dec. 13, 1998) ............................................ 5

*Fla. Pediatric Soc'y v. Sec'y of Fla. Agency for Health Care Admin.*,
    No. 05-23037-CIV, 2008 WL 4072805 (S.D. Fla. July 30, 2008), *report and
    recommendation adopted in part sub nom. Fla. Pediatric Soc'y v. Benson*,
    No. 05-23037-CIV-JORDAN, 2008 WL 4072605 (S.D. Fla. Aug. 28, 2008) ............ 6, 8, 9, 10

*In re Cmty. Bank of N. Va.*,
    418 F.3d 277 (3d Cir. 2005) ..................................................................................................... 7

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
    No. 08 CV 8781 (HB), 2010 WL 5222127 (S.D.N.Y. Dec. 22, 2010) ..................................... 8

*Nat. Res. Def. Council v. Nat'l Park Serv.*,
    No. 2:16-cv-585-FtM-99CM, 2016 WL 5415127 (M.D. Fla. Sept. 28, 2016) ......................... 4

*Ruderman ex rel. Schwartz v. Wash. Nat. Ins. Co.*,
    263 F.R.D. 670 (S.D. Fla. 2010) .............................................................................................. 7

*Stone v. First Union Corp.*,
    371 F.3d 1305 (11th Cir. 2004) ............................................................................................... 7

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*,
    874 F.3d 692 (11th Cir. 2017) ................................................................................................. 9

4838-2981-4433

Case No. 18-62193-CV-SMITH/VALLE

*United States v. Am. Therapeutic Corp.*,
  No. 10-23765-CIV-MARTINEZ/BROWN, 2010 WL 11678499
  (S.D. Fla. Dec. 23, 2010) ...........................................................................................................4

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedures
  Rule 23 ...............................................................................................................................7, 8
  Rule  23(a)(3) ..........................................................................................................................2
  Rule 23(a)(4) ......................................................................................................................1, 2
  Rule 24 ...................................................................................................................................5
  Rule 24(a)(2) ......................................................................................................................1, 7
  Rule 24(b) .......................................................................................................................10, 11
  Rule 24(b)(2) ..........................................................................................................................1
  Rule 24(c) ...............................................................................................................................4

Case No. 18-62193-CV-SMITH/VALLE

Proposed intervenor and putative class member Patricia D'Orsa-Dijamco ("Ms. D'Orsa-Dijamco"), by and through undersigned counsel, for good cause shown, respectfully moves, pursuant to Rules 24(a)(2) and Rule 24(b)(2) of the Federal Rules of Civil Procedure, to intervene as an additional named plaintiff and proposed class representative in this action. In support thereof, Ms. D'Orsa-Dijamco states as follows:

**I.     INTRODUCTION AND BACKGROUND**

Defendant JetBlue Airways Corporation ("JetBlue") has lodged a vicious assault on both plaintiff Milita Barbara Dolan ("Plaintiff") and one of the law firms representing her in this case, Léon Cosgrove, LLP ("Léon Cosgrove"). Ignoring the plain language of the rules of professional responsibility permitting the solicitation of former clients and the record actually belying any solicitation at all, in opposition to Plaintiff's Motion for Class Certification and Memorandum of Law in Support [ECF No. 89] ("Motion for Class Certification"), JetBlue has relentlessly attempted the poison the Court's view of Plaintiff and Léon Cosgrove and their adequacy to represent the putative class under Fed. R. Civ. P. 23(a)(4), saying things like:

- "The solicitation of Plaintiff is also part and parcel of a Léon Cosgrove 'friends and family plan,' whereby it solicits relatives, friends, and former clients to serve as class action plaintiffs for lawsuits the firm has decided to pursue." [ECF No. 96 at 10];

- "The records and testimony sought in the subpoenas [JetBlue served on Léon Cosgrove] related to Plaintiff's relationship with Plaintiff's counsel and her solicitation by Plaintiff' counsel" [ECF No. 112 at 9]; and

- "[S]uch evidence, to the extent it exists, would preclude any claim that the events surrounding Ms. Dolan's solicitation were inadvertent or unique." [*Id.* at 9 n.5].

Still further, JetBlue has manufactured a "timeline" that it believes shows that Plaintiff purchased the trip insurance at issue in this at the direction of a former Léon Cosgrove attorney,

- 1 -

Case No. 18-62193-CV-SMITH/VALLE

***despite Plaintiff's sworn testimony to the contrary*** [*see* ECF No. 106 at 7], which JetBlue contends further demonstrates both Plaintiff's and Léon Cosgrove's inadequacy under Rule 23(a)(4), and renders Plaintiff's claims against JetBlue atypical of the class under Fed. R. Civ. P. 23(a)(3). *See, e.g.*, ECF No. 96 at 4, 10-12; ECF No. 104 at Ex. A.[1]

All this being said, it is clear that JetBlue's principal basis for opposing class certification is whether Plaintiff is adequate to serve as a class representative and her claims are typical. In this regard, while Plaintiff firmly believes that all of JetBlue's adequacy and typicality arguments belied by the record or otherwise not grounded in law, should the Court find that class certification should be denied on the ground that Plaintiff is inadequate to serve as a class representative, or that her claims are atypical of the class' claims, binding Eleventh Circuit law, appropriately followed by several courts within the Eleventh Circuit, requires that the Court grant Ms. D'Orsa-Dijamco intervenor status to allow her to step in as a named plaintiff with identical claims against JetBlue and as a proposed class representative. *See* Part II.A., *infra*; *see also Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) ("[W]e find an abuse of discretion and remand for the district court to allow a reasonable period of time for the substitution or intervention of a new class representative.");[2] *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (district court erred in denying class certification without first deciding whether the proposed intervenors could serve as adequate class representatives).

---

[1] JetBlue does not contend that the other law firm representing Plaintiff in this action, Robbins Geller Rudman & Dowd LLP, is inadequate to serve as class counsel. *See also* https://www.rgrdlaw.com/.

[2] Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

## II. ARGUMENT

### A. Ms. D'Orsa-Dijamco's Claims Against JetBlue Are Typical of the Class's Claims and She Can Fairly and Adequately Protect the Interests of the Class

Like all putative class members in this case,[3] Ms. D'Orsa-Dijamco purchased trip insurance, purportedly sold by Allianz Global Assistance ("Allianz"), through JetBlue's website booking path within the statute of limitations period. Specifically, in or around December 2017, Ms. D'Orsa-Dijamco purchased airline tickets for herself through JetBlue's website to travel between Fort Myers, Florida and New York City in January 2018. *See* Declaration of Proposed Intervenor and Putative Class Member Patricia D'Orsa-Dijamco in Support of Motion to Intervene ("D'Orsa-Dijamco Decl."), ¶3 & Ex. A (JetBlue itinerary confirmation) attached hereto as Exhibit 1. At the same time, she accepted JetBlue's web offer to purchase Allianz trip insurance for her airline tickets, paying $22.75 for the insurance. *Id.*

This was not the first time Ms. D'Orsa-Dijamco purchased Allianz trip insurance through JetBlue's booking path. Back in June 2015, Ms. D'Orsa-Dijamco also purchased airline tickets on JetBlue's website for her daughter to travel between Fort Myers, Florida and Boston, Massachusetts in December 2015. *Id.*, ¶4 & Ex. B (JetBlue itinerary confirmation). At the same time Ms. D'Orsa-Dijamco purchased these airline tickets from JetBlue, she also accepted JetBlue's web offer to purchase Allianz trip insurance for her airline tickets, paying $34.75. *Id.*

At no time during Ms. D'Orsa-Dijamco's purchase experiences on JetBlue's website did JetBlue advise her that it receives commission profits from each trip insurance policy sold on its

---

[3] The proposed class is defined as "[a]ll persons in the United States who purchased a trip insurance policy on JetBlue's website within the applicable limitations period." ECF No. 89 at 7.

Case No. 18-62193-CV-SMITH/VALLE

website. *Id.*, ¶5. Indeed, when Ms. D'Orsa-Dijamco received her itinerary confirmations from JetBlue immediately after her purchases, the prices she paid for the trip insurance were laid out separately from the prices she paid for the airline tickets, and the trip insurance charges were laid out in a box separate from the charges for the airline tickets, with Allianz's logo affixed on the left side of the box. *Id.* & Exs. A, B. There was simply no way for Ms. D'Orsa-Dijamco to learn, nor was she ever told, that JetBlue received commission profits from the money she paid Allianz for trip insurance. *Id.*, ¶5.

Ms. D'Orsa-Dijamco is committed to serving as a class representative in this case, has interests that are completely aligned with – and not antagonistic to – the interests of absent class members, understands her solemn duty to serve as a fiduciary to absent class members until this case is resolved, either by trial or settlement. *See generally* D'Orsa-Dijamco Decl., ¶¶9-12. Ms. D'Orsa-Dijamco has read Plaintiff's Amended Complaint [ECF No. 17] and a redacted version of Plaintiff's Motion for Class Certification, and adopts both in full. *Id.*, ¶¶8, 11 & Exs. C-D.[4]

---

[4] Attaching and adopting the plaintiff's complaint, rather than filing a proposed complaint-in-intervention under Fed. R. Civ. P. 24(c), is permissible in the Eleventh Circuit. *See Nat. Res. Def. Council v. Nat'l Park Serv.*, No. 2:16-cv-585-FtM-99CM, 2016 WL 5415127, at *5 (M.D. Fla. Sept. 28, 2016) (The Eleventh Circuit "has rejected a strict reading of Rule 24(c) and has chosen to '"disregard nonprejudicial technical defects."'). Indeed, Ms. D'Orsa-Dijamco's choice not to include pleading "does not warrant a denial of the motion to intervene, especially as [JetBlue] has not been prejudiced . . . [and the] claim . . . is clearly set forth in [this] motion." *United States v. Am. Therapeutic Corp.*, No. 10-23765-CIV-MARTINEZ/BROWN, 2010 WL 11678499, at *2 (S.D. Fla. Dec. 23, 2010); *see also Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, No. 8:17-cv-618-T-23MAP, 2017 WL 4861457, at *2 (M.D. Fla. Mar. 31, 2017) (The Eleventh Circuit "holds that a prospective intervenor need not submit a pleading if the parties kn[o]w the nature of the prospective intervenor's claim or defense."). JetBlue will not be prejudiced here because it is "on notice of the position, claim, and relief sought by the intervenor.'" *Nat. Res. Def. Council*, 2016 WL 5415127, at *5. Further, any independent pleading by Ms. D'Orsa-Dijamco would mirror the operative complaint she adopts here, but for minor cosmetic changes, which should be immaterial to JetBlue. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, No. CIV. A. 97-131, 1998 WL 961387, at *2 (E.D. Pa. Dec. 13, 1998) (finding "adopt[ion of] the underlying complaint of the named plaintiffs in its entirety . . . adequately complies with the strictures of Rule

### B. Eleventh Circuit Precedent Requires This Court to Consider Ms. D'Orsa-Dijamco's Intervention Motion if the Court Denies Class Certification on Adequacy Grounds

Ms. D'Orsa-Dijamco understands that, in connection with Plaintiff's Motion for Class Certification, JetBlue has attacked Plaintiff's adequacy and typicality to serve as a class representative in this action. While Ms. D'Orsa-Dijamco disagrees that Plaintiff is inadequate, she seeks to intervene in this action as a class representative to protect the interests of the putative class should the Court deny the pending Motion for Class Certification based on perceived adequacy or typicality issues. The Eleventh Circuit permits Ms. D'Orsa-Dijamco to file such an intervention motion in precisely these circumstances.

For example, in *Cotterall*, 755 F.2d at 781, "the trial court refused to certify a class because there was not an adequate representative but refused to permit potentially adequate representatives to intervene because a class had not been certified." In reversing, the Eleventh Circuit "rule[d] that it was error to deny the motion for class certification on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well." *Id.*

Similarly, in *Birmingham Steel Corp.*, 353 F.3d at 1339, "the district court decertified the class on the ground that the named plaintiff inadequately represented the class, and the court did so without first giving class counsel the opportunity to try to find a member of the class who would be willing to act as the class representative, although counsel had requested such an opportunity."

---

24 in this case as Ms. Gardner and Mr. Wesby are members of the putative class and share common questions of law and fact. They are alleging claims identical to those of the named plaintiffs and their adoption of the underlying pleading would merely involve cosmetic changes to the document, which this Court will not impose upon counsel.").

Case No. 18-62193-CV-SMITH/VALLE

Finding this an "abuse of discretion," the Eleventh Circuit "conclude[d] that . . . the efficient administration of justice and the interests of the class were not served when the district court decertified the class without first giving class members an opportunity to intervene as the class representative." *Id.* at 1342. The Court then "remand[ed]" the action "for the district court to allow a reasonable period of time for the substitution or intervention of a new class representative." *Id.*

In sum, "under *Birmingham* and *Cotterall*, this Circuit has recognized intervention as a means for plaintiffs, when class certification is opposed because their proposed class representatives are under attack, to attempt to cure the alleged deficiencies of their representatives, and thereby secure their opportunity to proceed as a class action." *Fla. Pediatric Soc'y v. Sec'y of Fla. Agency for Health Care Admin.*, No. 05-23037-CIV, 2008 WL 4072805, at *3 (S.D. Fla. July 30, 2008) (McAliley, M.J.), *report and recommendation adopted in part sub nom. Fla. Pediatric Soc'y v. Benson*, No. 05-23037-CIV-JORDAN, 2008 WL 4072605 (S.D. Fla. Aug. 28, 2008) (granting motion to intervene during pendency of class certification motion) (Jordan, J.); *see Castillo v. N & R Servs. of Cent. Fla., Inc.*, No. 8:07-cv-1804-T-26EAJ, 2008 WL 1959691, at *2 (M.D. Fla. May 1, 2008) (recognizing that "should the Court find that no representative Plaintiff has standing, the Eleventh Circuit has held that efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the class interests").

Accordingly, should this Court reject Plaintiff as an adequate or typical class representative (which it should not), this Court must consider Ms. D'Orsa-Dijamco's request to intervene so that she may serve in that capacity on behalf of the class.

- 6 -

Case No. 18-62193-CV-SMITH/VALLE

### C.  Ms. D'Orsa-Dijamco May Intervene as of Right Under Rule 24(a)(2)

Ms. D'Orsa-Dijamco first seeks to intervene in this action under Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit "has interpreted this rule to require a party seeking intervention of right to demonstrate that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004).  Ms. D'Orsa-Dijamco easily satisfies this criteria.

In fact, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005).  "Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *Id.*

In any event, Ms. D'Orsa-Dijamco has a "direct, substantial, legally protectable interest in the proceeding" that may be impaired absent intervention.  *See Ruderman ex rel. Schwartz v. Wash. Nat. Ins. Co.*, 263 F.R.D. 670, 678 (S.D. Fla. 2010).  As reflected in her declaration, Ms. D'Orsa-Dijamco is a member of the proposed class, having purchased during the class period JetBlue airline tickets on JetBlue's website and then separately purchased Allianz trip insurance through JetBlue's website at a cost of $22.75.  Thus, as a class member, Ms. D'Orsa-Dijamco has a "direct interest in the action because [her] claims arise out of the same transaction and occurrence that is the subject of the instant case." *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 CV 8781 (HB), 2010 WL 5222127, at *4 (S.D.N.Y. Dec. 22, 2010); *see also Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("Our inquiry on this [interest] issue is a

- 7 -

4838-2981-4433

Case No. 18-62193-CV-SMITH/VALLE

flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].").

Moreover, Ms. D'Orsa-Dijamco's intervention motion is timely. As the Eleventh Circuit recognizes, "[t]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Id.* at 1213. Thus, the timeliness inquiry generally focuses on the totality of circumstances, including any prejudice or delay to the existing litigants arising from the intervention motion. *See id.*

Here, Plaintiff's Motion for Class Certification remains pending, the need to protect the class' interests only became evident upon JetBlue's recent attacks on Plaintiff's adequacy and typicality, and Ms. D'Orsa-Dijamco seeks to intervene only to the extent that the Court resolves the Motion for Class Certification unfavorably to Plaintiff on adequacy grounds. Consequently, this motion presents no prejudice to Plaintiff. *See Fla. Pediatric Soc'y*, 2008 WL 4072805, at *4 (Where plaintiff sought intervention "four months after Defendants first challenged the sufficiency of class representation[,]…this Court finds that the Intervening Plaintiffs brought their Motion with reasonable promptness once it became apparent that the class representatives may have difficulty satisfying the requirements of Rule 23.").

Nor will JetBlue suffer any demonstrable prejudice from this motion. If the Court grants class certification, this motion becomes moot due to the Court's finding that Plaintiff is an adequate representative. But, if resolution of this motion is necessary, any resulting delay will be minor and manageable. Ms. D'Orsa-Dijamco has committed to providing JetBlue with reasonable discovery, including deposition testimony on a prompt (or even expedited) basis. D'Orsa-Dijamco Decl., ¶10. And any supplemental briefing on class certification issues would address only Ms. D'Orsa-

- 8 -

Case No. 18-62193-CV-SMITH/VALLE

Dijamco's adequacy and typicality. Under such circumstances, the timing of Ms. D'Orsa-Dijamco's motion will not unduly prejudice JetBlue in these proceedings. *See Fla. Pediatric Soc'y*, 2008 WL 4072805, at *5 (rejecting argument that a delay of "approximately two additional months . . . to take discovery concerning the Intervening Plaintiffs, thereby postponing a decision on class certification" will unduly prejudice defendants). And certainly, any minor inconvenience to JetBlue does not outweigh the substantial prejudice to absent class members if Ms. D'Orsa-Dijamco is not allowed to intervene in the event Plaintiff is found to be inadequate or atypical.

Finally, given the posture of this motion, Ms. D'Orsa-Dijamco will satisfy the "minimal" burden that Plaintiff's "representation of [her] interests may be inadequate." *See Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 697 (11th Cir. 2017). That is, as explained above, Ms. D'Orsa-Dijamco only seeks to intervene as a class representative should the Court determine that Plaintiff cannot adequately represent the class. By the very nature of such an inadequacy ruling, Ms. D'Orsa-Dijamco should be permitted to substitute in for Plaintiff as a new class representative. *See Fla. Pediatric Soc'y* 2008 WL 4072805, at *3 ("Defendants have challenged the typicality of the individual Plaintiffs' claims and their ability to adequately represent the class, and this Circuit has favored intervention as an opportunity for a class to cure these kinds of alleged deficiencies.").

### D. Ms. D'Orsa-Dijamco Should Be Permitted to Intervene Under Rule 24(b)

Alternatively, Ms. D'Orsa-Dijamco qualifies for permissive intervention under Fed. R. Civ. P. 24(b). Under this rule, "[c]ourts have the discretion, on a timely motion, to permit intervention by anyone with a claim or defense that shares with the main action a common question of law or fact." *Fla. Pediatric Soc'y*, 2008 WL 4072805, at *2. "In exercising its discretion, this

Case No. 18-62193-CV-SMITH/VALLE

Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

For the reasons set forth above, the Court should permit Ms. D'Orsa-Dijamco to intervene as a potential substitute class representative. Her motion is unquestionably timely, as it is filed during the pendency of Plaintiff's Motion for Class Certification that directly challenged Plaintiff's adequacy to represent the class. Moreover, the motion will not unduly delay the proceedings or otherwise prejudice JetBlue's ability to defend its conduct on the merits. *See id.* (rejecting argument to "deny intervention as an improper (and ultimately futile) attempt to obtain a 'do-over' of the class certification process").

That leaves the remaining question of whether Ms. D'Orsa-Dijamco shares common question of fact and law with Plaintiff. She does. As reflected in her declaration, Ms. D'Orsa-Dijamco is a member of the proposed class, engaging in the same conduct and suffering the same injury as Plaintiff and every other member of the class. While she does not file a complaint in intervention, as permitted in the Eleventh Circuit, Ms. D'Orsa-Dijamco's declaration clearly states that she adopts the allegations in Plaintiff's Amended Complaint and the arguments raised in Plaintiff's Motion for Class Certification. That is sufficient to establish common questions of fact and law. *See id.* (allowing permissive intervention the "only difference between the two complaints is the inclusion of the Intervening Plaintiffs, with summary assertions of the ways in which each has been denied services to which they are entitled under Medicaid").

Accordingly, the Court should permit Ms. D'Orsa-Dijamco to intervene under Rule 24(b).

### III. CONCLUSION

For the foregoing reasons, Ms. D'Orsa-Dijamco respectfully asks the Court to allow her to intervene in this action as an additional plaintiff and proposed class representative.

4838-2981-4433

Case No. 18-62193-CV-SMITH/VALLE

Respectfully submitted,

DATED:  August 16, 2019

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
STUART A. DAVIDSON
Florida Bar No. 0084824
CHRISTOPHER C. GOLD
Florida Bar No. 088733
BRADLEY M. BEALL
Florida Bar No. 1010635

                  **Stuart A. Davidson**                  
STUART A. DAVIDSON

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com

LEÓN COSGROVE, LLP
SCOTT B. COSGROVE
Florida Bar No. 161365
ALEC H. SCHULTZ
Florida Bar No. 35022
JOHN R. BYRNE
Florida Bar No. 126294
JEREMY L. KAHN
Florida Bar No. 105277
255 Alhambra Circle, Suite 800
Coral Gables, FL  33134
Telephone:  305/740-1975
scosgrove@leoncosgrove.com
aschultz@leoncosgrove.com
jbyrne@leoncosgrove.com
jkahn@leoncosgrove.com

Case No. 18-62193-CV-SMITH/VALLE

MARK A. WITES
Florida Bar No. 24783
WITES LAW FIRM
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone:  561/750-3000
mwites@witeslaw.com

*Counsel for Proposed Intervenor Patricia D'Orsa-Dijamco*

- 12 -

4838-2981-4433

Case No. 18-62193-CV-SMITH/VALLE

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), Proposed Intervenor's counsel conferred with JetBlue's counsel regarding the relief sought in this motion in a good faith effort to resolve by agreement the issues to be raised in this motion. The parties were unable to reach an agreement on these issues.

DATED:  August 16, 2019　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　　  & DOWD LLP
　　　　　　　　　　　　　　　　　　　STUART A. DAVIDSON
　　　　　　　　　　　　　　　　　　　Florida Bar No. 0084824


　　　　　　　　　　　　　　　　　　　          **Stuart A. Davidson**
　　　　　　　　　　　　　　　　　　　　　STUART A. DAVIDSON

　　　　　　　　　　　　　　　　　　　120 East Palmetto Park Road, Suite 500
　　　　　　　　　　　　　　　　　　　Boca Raton, FL  33432
　　　　　　　　　　　　　　　　　　　Telephone:  561/750-3000
　　　　　　　　　　　　　　　　　　　561/750-3364 (fax)
　　　　　　　　　　　　　　　　　　　sdavidson@rgrdlaw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Proposed Intervenor Patricia*
　　　　　　　　　　　　　　　　　　　*D'Orsa-Dijamco*

Case No. 18-62193-CV-SMITH/VALLE

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 16, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                **Stuart A. Davidson**
                STUART A. DAVIDSON

                ROBBINS GELLER RUDMAN
                 & DOWD LLP
                120 East Palmetto Park Road, Suite 500
                Boca Raton, FL  33432
                Telephone:  561/750-3000
                561/750-3364 (fax)
                E-mail:  sdavidson@rgrdlaw.com